SHANNON, Judge.
This case arose as the result of a tragic accident in which the plaintiff’s two and one-half year old son, Stacey, died. The plaintiff-appellee and his family were tenants on a ranch owned by defendant-appellant. Shortly after moving to the ranch Mrs. Sullivan obtained permission from the defendant for Stacey to ride the pony, Coca-Cola. For a period of about four months Mrs. Sullivan would place Stacey on the pony and lead him around the yard. On March 12, 1964, the pony broke away from Mrs. Sullivan and began running across the pasture. Stacey’s foot was caught in the stirrup and the child was dragged for some 1500 feet, causing injuries that resulted in his death later that evening.
Approximately a year before the plaintiff moved onto the defendant’s ranch the defendant had purchased this pony from a Mr. Tom Spanos. There was evidence from Mr. Spanos that he had told the defendant that the pony was not a riding pony.
After the accident the plaintiff filed suit against defendant for the death of his son based on defendant’s knowledge that the pony was dangerous and should not be ridden and that he failed to pass this knowledge on to the plaintiff. After hearing the evidence the jury returned a verdict in favor of the plaintiff in the amount of $25,000.00.
Subsequently defendant filed this appeal in which he claims that the trial court erred in denying his motion for a directed verdict. However, after reviewing the evidence presented in this case, it appears that there was a dispute as to whether defendant knew about the pony’s tendency to bolt. It is the jury’s function to resolve conflicts in the facts of a case. Here, the jury made a decision and we are reluctant to substitute our judgment for theirs.
Finding no error in the record of this case, it is therefore affirmed.
Affirmed.
ALLEN, C. J., and HOBSON, J.,.concur.